Anderson *v.* Walker.

———◆◆———

WARREN P. ANDERSON, Assignee, &c., *v.* WILLIAM F. WALKER.

PRACTICE: VERDICT AND JUDGMENT WITHOUT PLEA: WHEN NOT ERRONEOUS.—If the plaintiff, without demanding judgment by default against one of several defend-

Anderson *v.* Walker.

ants who has failed to plead, submit the cause to a jury upon the plea of the others, and verdict and judgment be rendered in favor of all the defendants, it will be an irregularity occasioned by his own negligence, and of which he has no right to complain.

IN error from the Circuit Court of Hinds county. Hon. John I. Guion, judge.

*Anderson*, for the plaintiff below, sued out this writ of error.

*Yerger* and *Rucks*, for plaintiff in error,
Cited *Dennison* v. *Lewis*, 6 How. (Miss.) R. 517; 2 Ib. 805; 4 S. & M. 737.

*D. Mayes* and *J. F. Fonte*, for defendants in error.

FISHER, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Hinds county, rendered at the September term thereof, 1854.

All of the defendants below, except William P. Stone, appeared and pleaded to the action. There was no appearance or plea as to Stone. Under this state of facts the case was submitted to a jury, who found a verdict for the defendants, upon which the court rendered judgment. It is now insisted that the plaintiff was entitled to his judgment, by default, against Stone; that it was error to submit the cause to a jury as to him; and the judgment, as it is said, being an entire thing, ought, for the alleged error, to be reversed as to all the defendants.

The plaintiff could unquestionably have taken his judgment by default as to Stone; and if it appeared that the court refused to permit him to take such judgment, it would be treated as error. But nothing appearing in the record to show that the judgment was ever demanded, the error, if error it be, must be regarded as the error or omission of the plaintiff, and not as the error of the court.

Judgment affirmed.